UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 16-50058 |
| | ) |
| SEPCO CORPORATION, | ) Chapter 11 |
| | ) |
| Debtor. | ) Judge Alan M. Koschik |

**AFFIDAVIT OF HARRY W. GREENFIELD ON BEHALF OF BUCKLEY KING LPA PURSUANT TO SECTIONS 327, 329 AND 504 OF THE BANKRUPTCY CODE, AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016(b)**

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) SS: |
| COUNTY OF CUYAHOGA | ) |

HARRY W. GREENFIELD, of full age, being duly sworn according to law, upon his oath deposes and states:

1. I am an attorney-at-law, duly admitted and in good standing to practice in the State of Ohio, before the United States District Court for the Northern District of Ohio, the United States Court of Appeals for the Sixth Circuit, and the Supreme Court of the United States. I am a member of the law firm of Buckley King LPA ("BK"), located at 1400 Fifth Third Center, 600 Superior Avenue, Cleveland, Ohio 44114, whose members and associates in its Cleveland office are admitted to practice before the United States District Court for the Northern District of Ohio. I make this Affidavit pursuant to sections 327, 329 and 504 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the application for an Order authorizing the retention of BK, as counsel for Sepco Corporation, debtor and debtor-in-possession in the above-captioned case (the "Debtor").

2. No agreement or understanding in any form exists between BK or any other person for the division of the compensation to be paid to BK in this chapter 11 case (except sharing of fee compensation among members and associates of BK).

3. I, the firm of BK, and the members and associates thereof, insofar as I have been able to ascertain, presently have no connection with the Debtor, its creditors, equity security holders or any other parties-in-interest, or their respective attorneys or accountants, other than as set forth below. To the best of my knowledge, BK is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Neither I, nor any member of my firm, is related to or connected with any Judge of the Northern District of Ohio. Nor are we related to or connected with the U.S. Trustee for this Region or any member of his staff.

4. To the best of my knowledge, BK does not represent any adverse parties in connection with this chapter 11 case other than as disclosed below. While employed by the Debtor, I, the firm of BK, and the members and associates thereof, will not represent any other entity having an interest adverse to the Debtor or its estate in connection with this case.

5. In July 2014, the Debtor retained BK to advise the Debtor regarding its diminishing assets and the legal remedies available to the Debtor. In December 2015, the Debtor signed a second engagement letter which outlines the scope of BK's representation of the Debtor during its chapter 11 case.

6. BK maintains a computerized list of persons for whom it has rendered legal services in the past (the "Conflicts Database"). Before making this affidavit, I caused a BK employee to compare the names of those persons set forth on <u>Exhibit 1</u> attached hereto against the names of existing and former BK clients in the Conflicts Database. I have been informed by such employee that this search has produced the following "matches":

2

(a) From time to time in the past, The Hartford Insurance Company or certain of its affiliates (collectively, "Hartford") engaged BK to represent persons whom Hartford insures or insured in certain disputed matters. Those matters were wholly unrelated to the Debtor. At present, BK does not represent any of Hartford's insureds in any open matter. Furthermore, BK has not represented Hartford as a party in any matter;

(b) From time to time, including at present, Fireman's Fund Insurance Company or certain of its affiliates (collectively, "FFIC") engaged BK to represent persons whom FFIC insures or insured in certain disputed matters. Those matters were (and, for those currently pending, still are) wholly unrelated to the Debtor;

(c) BK represented FFIC as an intervenor / real party in interest in three actions in the Trumbull County, Ohio, Court of Common Pleas, to defend against claims of alleged employer intentional torts, because the employer that FFIC insured had filed for bankruptcy protection, the employer ultimately went out of business, and insurance proceeds were the plaintiffs' remaining source of potential recovery. All three of those actions were jointly dismissed with prejudice. The last of those three representations ended in or about August 2014. All of them were wholly unrelated to the Debtor or any of its insurance policies;

(d) In the past, BK also represented committees of asbestos/tort claimants, including persons on such committees who at that time were represented by Kelley & Ferraro, LLP or other law firms listed on Exhibit 1 (as/or who authorized Kelley & Ferraro, LLP to appear for them on such committees) in the bankruptcy cases filed by A-Best Products Company, Inc. ("A-Best") before the United States Bankruptcy Court for the District of Delaware, Case No. 02-12734, and by Clark Industrial Insulation, Inc. ("Clark") before the United States Bankruptcy Court for the Northern District of Ohio, Case No. 05-19883. Following confirmation of a chapter 11 plan in A-Best's bankruptcy case, BK's involvement as co-counsel for that committee ended in or about January 2005. Clark's bankruptcy case was ordered dismissed during March 2009, and was closed on October 2, 2009, ending BK's involvement in Clark's bankruptcy; and

(e) BK also currently represents other corporations or persons who are named as defendants in various asbestos-related lawsuits and who, therefore, are or may be co-defendants with the Debtor in various pending lawsuits. BK's representation of corporations or other persons who may be the Debtor's co-defendants are unrelated to BK's proposed representation of the Debtor.

7. BK does not intend to represent Hartford, FFIC, or any of the Debtor's co-defendants (or, for that matter, any of the Debtor's unsecured trade creditors that BK may represent in other unrelated matters) in connection with any adverse claims that any of them may have against the

3

Debtor or its estate in this chapter 11 case. Accordingly, I do not believe that BK has any relationships with any of the Debtor's known creditors that would constitute "connections" (within the meaning of the applicable Bankruptcy Rules) that would adversely affect the exercise of BK's independent professional judgment on behalf of the Debtor in this chapter 11 case, or that otherwise would render BK not disinterested within the meaning of Section 101(14) of the Bankruptcy Code. Furthermore, if any contested matter or adversary proceeding is initiated between or among Hartford, FFIC, any of the Debtor's co-defendants, or any of the Debtor's unsecured trade creditors, on the one hand, and the Debtor or its estate, on the other hand, I believe BK's representations of Hartford's or FFIC's insureds in unrelated matters, its former representation of FFIC as insurer in three unrelated state court employer intentional tort actions, and its representation of unsecured trade creditors or co-defendants (whether now or in the future) on unrelated matters would not and will not adversely affect the exercise of BK's independent professional judgment on behalf of the Debtor in conjunction with any such contested matters or adversary proceedings.

8. Prior to the commencement of this chapter 11 case, BK received an initial retainer from the Debtor in the amount of $75,000 (the "Initial Retainer") for services rendered in advising the Debtor regarding its diminishing assets and in determining whether a chapter 11 is the best course of action, which Initial Retainer has been fully exhausted. Recently, BK received a second retainer in the amount of $75,000 services to be rendered in connection with the Debtor's chapter 11 case, which will be applied to fees and expenses incurred prepetition, including those necessary to file the chapter 11 case. BK has not received payment from the Debtor for any services rendered post-petition.

9. I have advised the Debtor of BK's willingness to serve as its counsel and to accept compensation for professional services rendered and expenses incurred, as set forth in our retention

4

agreement (a copy of which is attached as Exhibit A to the *Application for Order Pursuant to Section 327 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a) Authorizing and Approving the Employment and Retention of Buckley King LPA as Counsel for Debtor and Debtor-in-Possession*). Subject to approval of this Court upon appropriate application therefor, BK intends to bill for its legal services in this case in accordance with its usual practice, applying its customary hourly rates for matters of this type, and charging for all disbursements and expenses customarily billed to its clients and necessarily incurred, except as such usual practices have been revised to comply with the Bankruptcy Rules and any applicable Local Rules of Bankruptcy Practice or the "Guidelines for Compensation Expense Reimbursement of Professionals" promulgated by this Court (the "Guidelines"). I certify that I have reviewed and am familiar with this Court's Guidelines. BK will account for its time and expenses in accordance with the Guidelines, and BK's applications for allowance of compensation and reimbursement of expenses will comply with the Guidelines.

10. It is contemplated that Harry W. Greenfield and Jeffrey C. Toole, shareholders, and Heather E. Heberlein, an associate, will provide the most substantive attention the Debtor's chapter 11 case. The respective rates of these attorneys are: Harry W. Greenfield - $480; Jeffrey C. Toole - $370; and Heather E. Heberlein - $225. These and BK's other hourly rates are subject to periodic review and adjustment. To the extent the services of other members, associates and paralegals of the firm are utilized in order to take advantage of their expertise in a particular area of the law, their hourly billing rates will be consistent with the rates of those attorneys listed above who have similar experience and seniority, and with the firm's customary billing rates.

5

16-50058-amk    Doc 9    FILED 01/14/16    ENTERED 01/14/16 16:31:01    Page 5 of 12

11. Accordingly, BK is eligible for employment and retention by the Debtor pursuant to section 327 of the Bankruptcy Code and the applicable Bankruptcy Rules.

12. I state nothing further.

_____
HARRY W. GREENFIELD

Sworn to and subscribed before me this 14th day of January, 2016.

_____
NOTARY PUBLIC

HEATHER E. HEBERLEIN, Atty.
NOTARY PUBLIC • STATE OF OHIO
My commission has no expiration date
Section 147.03 O.R.C.

## EXHIBIT 1

SEPCO CORPORATION
SAINT GOBAIN
EMPLOYERS' LIABILITY ASSURANCE CORP.
EMPLOYERS' COMMERCIAL UNION INS. CO. OF AMERICA
COMMERCIAL UNION INS. CO.
HOME INS. CO.
HOME INS. CO. OF INDIANA
MISSION INS. CO.
CONTINENTAL CASUALTY [INS.] CO.
UNITED NATIONAL INS. CO.
AMERICAN EMPLOYERS' INS. CO.
RESERVE INS. CO.
FIRST STATE INS. CO.
INTERSTATE FIRE & CASUALTY CO.
INDUSTRIAL UNDERWRITERS INS. CO.
TRANSPORTATION INS. CO.
TWIN CITY FIRE INS. CO.
INDUSTRIAL INDEMNITY
TRANSCONTINENTAL INS. CO.
FORUM INS. CO.
ASSOCIATED INTERNATIONAL INS. CO.
INTEGRITY INS. CO.
COVENANT MUTUAL INS. CO.
NATIONAL UNION FIRE INS. CO.
FIREMAN'S FUND INS. CO.
HARTFORD INS.
CNA INS. CO.
SOUTHEASTERN PRODUCTS CORPORATION
FLUOROCARBON COMPANY
FURON COMPANY
TFC HOLDING CO. #2
SEALING EQUIPMENT PRODUCTS CO.
SEPCO HOLDING COMPANY

GARLOCK, INC.
FCY ACQUISITION, INC.
SAINT-GOBAIN CERAMICS & PLASTICS, INC.
SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION
FCSC CORPORATION
KELLEY & FERRARO, LLP
NIX, PATTERSON & ROACH, LLP
BRENT COON & ASSOCIATES
THE O'QUINN LAW FIRM
LEBLANC & WADDELL, LLP
THE CARLILE LAW FIRM, LLP
SIMMONS HANLY CONROY LLC
BEVAN & ASSOCIATES, LPA, INC
JOHN J DUFFY & ASSOCIATES
PROVOST UMPHREY LAW FIRM, L.L.P.
THE BOGDAN LAW FIRM
R.G. TAYLOR II, P.C. & ASSOCIATES
BARON & BUDD, PC
CLIMACO, LEFKOWITZ, PECA, WILCOX & GAROFOLI CO., LPA
LAW OFFICES OF PETER G. ANGELOS, PC
GOLDBERG, PERSKY & WHITE, P.C.
CAPPOLINO, DODD & KREBS LLP
MAZUR & KITTEL, PLLC
SHRADER & ASSOCIATES, LLP
REAUD, MORGAN & QUINN, INC
ODOM LAW FIRM
HISSEY, KIENTZ & HERRON, PLLC
HOSSLEY & EMBRY, LLP
LANIER LAW FIRM, PLLC
CLETUS P ERNSTER III, PC
THORNTON LAW FIRM
BROWN, SAIN & LEONARD, PLLC
DAVID C. THOMPSON ATTORNEY AT LAW, PC
MICHAEL B SERLING, PC
FOSTER & SEAR, LLP
SWMK LAW, LLC
MCPHERSON, MONK, HUGHES, BRADLEY & WIMBERLEY

LUNDY & DAVIS, LLP
WELLBORN & HOUSTON, LLP
EMBRY & NEUSNER
THE FERRARO LAW FIRM
SILBER PEARLMAN LLP
BRUEGGER & MCCULLOUGH, PC
DUFFY & FEEMSTER, L.L.C.
MOTLEY RICE LLC
LYNN ERIC WILLIAMS, JR, APLC
MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
CHRIS PARKS, P.C.
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC (EDWARDSVILLE)
DORAN & MURPHY, LLP
COONEY & CONWAY
GORI, JULIAN & ASSOCIATES, PC
FLOYD LAW FIRM PC
LAYBOURNE, SMITH, GORE & GOLDSMITH
ENVIRONMENTAL LITIGATION GROUP, PC
RIGGS ABNEY NEAL TURPEN ORBISON & LEWIS
NASS CANCELLIERE BRENNER
WILLIAMS KHERKHER HART & BOUNDAS, LLP
CALHOUN ANDERSON, JR, PC
FLINT & ASSOCIATES, LLC
COLLEY SHROYER & ABRAHAM CO., L.P.A.
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
FLACK LAW OFFICE, PC
PERRY & SENSOR
THE PERICA LAW FIRM, PC
GOLDENBERG HELLER ANTOGNOLI & ROWLAND, PC
HESSION LAW OFFICE, PLLC
MONGE & ASSOCIATES
HEARD ROBINS CLOUD LLP
MICHIE HAMLETT
BLACKWELL & ASSOCIATES
EDWARD O. MOODY, PA
BRAYTON PURCELL LLP
WEITZ & LUXENBERG, PC
MITHOFF & JACKS

TRACEY LAW FIRM
CUMBEST, CUMBEST, HUNTER & MCCORMICK, PC
HEYGOOD, ORR & REYES, LLP
LOCKS LAW FIRM, LLC
RUSSELL L COOK JR & ASSOCIATES
SHEIN LAW CENTER, LTD
BOECHLER, PC
GOLD LAW FIRM
MATHIS LAW FIRM
SIEBEN POLK, P.A.
THE MISMAS LAW FIRM, LLC
BROOKMAN, ROSENBERG, BROWN & SANDLER
DEBLASE BROWN EYERLY, LLP
KARST & VON OISTE, LLP
SAVINIS, DAMICO & KANE
KELLER, FISHBACK & JACKSON LLP
MCDERMOTT & HICKEY, LLC
NORMAN & EDEM, PLLC
PAUL, REICH & MYERS, PC
ROBERT A. MARCIS II
ROBERT E. SWEENEY & ASSOCIATES
THE NEMEROFF LAW FIRM, A PROFESSIONAL CORPORATION
WALLACE & GRAHAM PA
WATERS & KRAUS, LLP
BELLUCK & FOX, LLP
CATES LAW FIRM
DUKE LAW FIRM, P.C.
HOBSON & BRADLEY
KEAHEY LAW OFFICE
KLINE & SPECTER, PC
LANDRY & SWARR
LAW OFFICES OF MICHAEL R. BILBREY, PC
LEVIN SIMES LLP
MEIROWITZ & WASSERBERG, LLP
NAPOLI SHKOLNIK PLLC
REBECCA S. VINOCUR, P.A.
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC
RYAN A. FOSTER & ASSOCIATES, PLLC

SCHROETER, GOLDMARK & BENDER
SEEGER WEISS LLP
SIMON GREENSTONE PANATIER BARTLETT, PC
SUMMERS, RUFOLO & RODGERS
THE DEATON LAW FIRM
YOUNG, REVERMAN & MAZZEI CO., L.P.A.
ZAMLER, MELLEN & SHIFFMAN
ASHCRAFT & GEREL
BAILEY PEAVY BAILEY
BELL BUDDY ATTORNEY
BORDELON, HAMLIN & THERIOT
BRANSTETTER STRANCH & JENNINGS PLLC
BURROW & PARROTT, LLC
CASCINO VAUGHAN LAW OFFICES, LTD
CASSIDY & MOTTL
CHILDERS BUCK & SCHLUETER, LLP
COHEN, PLACITELLA & ROTH, PC
CROWLEY DOUGLAS & NORMAN, LLP
DENNIS & BRANAM
GARY L COSTLOW, ESQUIRE
GEORGE & FARINAS, LLP
GILLENWATER, NICHOL & AMES
HAROWITZ & TIGERMAN, LLP
HARRIS & HARTMAN LAW FIRM
HEUBECK LAW, PC
JACOBS & CRUMPLAR, PA
KAESKE LAW FIRM
KOREIN TILLERY
KRUPNICK, CAMPBELL, MALONE, BUSER, SLAMA, HANCOCK, LIBERMAN
LAW OFFICES OF PAUL L. SADLER
LEFORCE & MCCOMBS
LEVIN PAPANTONIO THOMAS MITCHELL ECHSNER, & PROCTOR, P.A.
LINDSAY & LINDSAY, PA
LUBEL VOYLES LLP
MALONEY, MARTIN & MITCHELL, LLP

MARCUS & CINELLI, LLP
MARTIN SHOWERS SMITH & MCDONALD LLP
MASTERS & SIVINSKI, LLP
MATTHEW E. KIELY, LLC
MILLER, STILLMAN & BARTEL
OAXACA, BERNAL & ASSOCIATES
PEPPLE JOHNSON CANTU & SCHMIDT, PLLC
RALSTON, BUCK & ASSOCIATES
REHM, ROD, PC
REYES, O'SHEA & COLOCA, PA
ROBEIN, URANN, SPENCER, PICARD & CANGEMI, APLC
ROBERT A. SIDLOSKI
ROBERT PEIRCE & ASSOCIATES, P.C.
RUSSELL SMITH
SLOAN BAGLEY HATCHER AND PERRY
SZAFERMAN, LAKIND, BLUMSTEIN, BLADER & LEHMANN, P.C.
THE LAW OFFICE OF DOUGLAS P MCMANAMY
THE LAW OFFICES OF PETER T. NICHOLL
TOMBLIN CARNES MCCORMACK, L.L.P.
WEINSTEIN COUTURE PLLC
WYLDER CORWIN KELLY LLP

1660367_2