# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Chapter 11 |
| SEPCO CORPORATION, | Case No. 16-50058 |
| Debtor.[1] | Judge Alan M. Koschik |

### APPLICATION FOR ORDER AUTHORIZING THE
### FUTURE CLAIMANTS' REPRESENTATIVE TO RETAIN AND EMPLOY
### YOUNG CONAWAY STARGATT & TAYLOR, LLP AS HIS ATTORNEYS
### *NUNC PRO TUNC* TO JULY 18, 2017

Lawrence Fitzpatrick (the "Future Claimants' Representative"), as the legal representative for persons that have not yet asserted an asbestos-related personal injury claim against the Debtor in the above-captioned case but may in the future assert such a claim (the "Future Claimants"), submits this application (the "Application") for an order, pursuant to sections 105(a), 328, 524(g) and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Future Claimants' Representative to retain and employ Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as his attorneys, *nunc pro tunc* to July 18, 2017. In support of this Application, the Future Claimants' Representative relies upon the Declaration of Edwin J. Harron (the "Harron Declaration"), attached hereto as Exhibit A, and represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the instant Application pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of

---

[1] The last four digits of the Debtor's federal tax identification number of 7402.

01:22158400.8

the Debtor's chapter 11 case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 328, 524(g), and 1103 of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2016-1 of the Local Rules for the Bankruptcy Court for the Northern District of Ohio.

3. On January 14, 2016 (the "Petition Date"), Sepco Corporation (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor has continued in possession of its property and has continued to operate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On February 1, 2016, the Office of the United States Trustee for Region 9 appointed an Official Committee of Asbestos Claimants (the "Committee") (Docket No. 37).

6. On August 17, 2017, the Debtor and the Committee submitted to this Court a joint motion (Docket No. 259) for entry of an order appointing Lawrence Fitzpatrick as the Future Claimants' Representative in this chapter 11 case, *nunc pro tunc* to July 18, 2017.

7. On September 13, 2017, the Court entered its order (Docket No. 266) appointing Lawrence Fitzpatrick as the Future Claimants' Representative in this chapter 11 case, *nunc pro tunc* to July 18, 2017.

## RELIEF REQUESTED

8. The Future Claimants' Representative respectfully requests the entry of an order authorizing him to employ as his attorneys and to retain the law firm of Young Conaway, *nunc pro tunc* to July 18, 2017.

01:22158400.8

2

16-50058-amk    Doc 267    FILED 09/13/17    ENTERED 09/13/17 14:59:50    Page 2 of 12

## BASIS FOR THE RELIEF SOUGHT

9. Section 1103(a) of the Bankruptcy Code provides, in relevant part, as follows:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

10. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

11. Relying upon section 1103(a) of the Bankruptcy Code and Rule 2014, courts in chapter 11 cases have authorized legal representatives for future claimants to retain counsel to assist them in performing their duties in the bankruptcy proceedings. See, e.g., In re Johns-Manville Corporation, Case No. 82-B-11656 (BRL) (Bankr. S.D.N.Y. 1984); In re Keene

01:22158400.8

3

16-50058-amk    Doc 267    FILED 09/13/17    ENTERED 09/13/17 14:59:50    Page 3 of 12

Corporation, Case No. 93-B-46090 (SMB) (Bankr. S.D.N.Y. 1993); In re The Babcock & Wilcox Company, Case No. 00-10092 (Bankr. E.D. La. 2000); In re Pittsburgh Corning Corporation, Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); In re Federal-Mogul Global Inc., Case No. 01-10578 (Bankr. D. Del. 2001); In re USG Corporation, Case No. 01-2094 (RJN) (Bankr. D. Del. 2001); In re ACandS, Inc., Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); In re Kaiser Aluminum Corporation, Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re North American Refractories Co., Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); In re Global Industrial Technologies, Inc., Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); In re Met-Coil Systems, Corp., Case No. 03-12676 (MFW) (Bankr. D. Del. 2003); In re Mid-Valley, Inc., Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); In re The Flintkote Company, Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); In re Durabla Mfg. Company, Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); In re Specialty Products Holding Corp., Case No. 10-11780 (JKF) (Bankr. D. Del. 2010); In re Leslie Controls, Inc., Case No. 10-12199 (CSS) (Bankr. D. Del. 2010); In re Garlock Sealing Technologies LLC, Case No. 10-31607 (GRH) (Bankr. W.D.N.C. 2010); In re United Gilsonite Laboratories, Case No. 11-2032 (Bankr. M.D. Pa. 2011); In re Metex Mfg. Corporation, Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012); In re Rapid-American Corporation, Case No. 13-10687 (SMB) (Bankr. S.D.N.Y 2013); In re Yarway Corporation, Case No. 13-11025 (BLS) (Bankr. D. Del. 2013); In re Kaiser Gypsum Company, Case No. 16-31602 (JCW) (Bankr. W.D.N.C. 2016). As disclosed below and in the accompanying Harron Declaration, Young Conaway is counsel to the legal representative in certain of these cases, among others.

12. Young Conaway is a general practice, litigation-oriented firm that maintains national, regional and local practices in the areas of corporate, bankruptcy,

01:22158400.8

4

commercial, real estate, personal injury, employment and environmental law. Young Conaway's Bankruptcy and Corporate Restructuring section has extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Moreover, Young Conaway has substantial experience in bankruptcy cases affecting the rights of mass-tort asbestos claimants:

(a) Young Conaway represented the legal representative for future claimants in the following chapter 11 asbestos bankruptcy cases that reached confirmation: In re The Celotex Corporation, Case Nos. 90-100016-8B1 and 90-100017-8B1 (Bankr. M.D. Fla.); In re Armstrong World Industries, Inc., Case No. 00-4471 (Bankr. D. Del. 2000); In re The Babcock & Wilcox Co., Case No. 00-10092 (Bankr. E.D. La. 2000); In re Owens Corning, Case No. 00-3837 (Bankr. D. Del. 2000); In re Federal-Mogul Global Inc., Case No. 01-10578 (Bankr. D. Del. 2001); In re USG Corporation, Case No. 01-2094 (RJN) (Bankr. D. Del 2001); In re ACandS Inc., Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); In re Kaiser Aluminum Corporation, Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re North American Refractories Company, Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); In re Global Industrial Technologies, Inc., Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); In re Porter-Hayden Company, Case No. 02-54152-SD (Bankr. D. Md.); In re Mid-Valley, Inc., Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); In re Durabla Mfg. Company, Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); In re Leslie Controls, Inc., Case No. 10-12199 (CSS) (Bankr. D. Del. 2010); In

re Pittsburgh Corning Corporation, Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); In re The Flintkote Company, Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); In re Specialty Products Holding Corp., Case No. 10-11780 (JKF) (Bankr. D. Del. 2010); In re United Gilsonite Laboratories, Case No. 11-2032 (Bankr. M.D. Pa. 2011); In re Metex Mfg. Corporation, Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012); and In re Yarway Corporation, Case No. 13-11025 (BLS) (Bankr. D. Del. 2013). In addition, Young Conaway represented the legal representative for future claimants exposed to tetrochloroethylene in In re Met-Coil Systems Corporation, Case No. 03-12676 (MFW) (Bankr. D. Del. 2003).

(b)     Young Conaway currently represents the legal representative for future claimants in the pending chapter 11 bankruptcy cases of In re Rapid-American Corporation, Case No. 13-10687 (SMB) (Bankr. S.D.N.Y 2013) and In re Kaiser Gypsum Company, Case No. 16-31602 (JCW) (Bankr. W.D.N.C.).

(c)     Young Conaway represents the legal representative for future claimants in connection with asbestos personal injury settlement trusts established from the ACandS, Babcock & Wilcox, Celotex, Federal-Mogul, Kaiser Aluminum, Porter-Hayden, Pittsburgh Corning, Flintkote, Specialty Products, UGL, Durabla, Leslie Controls, Global Industrial Technologies, NARCO, Metex, and Yarway bankruptcy cases. In addition, Young Conaway represents the legal representative for future claimants in connection with the asbestos and silica settlement trusts

01:22158400.8

6

16-50058-amk    Doc 267    FILED 09/13/17    ENTERED 09/13/17 14:59:50    Page 6 of 12

established from the Mid-Valley (DII Industries, LLC) bankruptcy case, the legal representative for future claimants in connection with the asbestos settlement trust established from the bankruptcy case of In re Quigley Company, Inc., Case No. 04-15739 (SMB) (Bankr. S.D.N.Y. 2004), and the legal representative for future claimants in connection with the Met-Coil TCE Trust (of which Mr. Fitzpatrick serves as the trustee).[2] Young Conaway also represents the State Insulation Corporation Asbestos Personal Injury Trust, of which Mr. Harron serves as the Trustee.

(d) Young Conaway represented the debtor in the asbestos-related chapter 11 case of In re Fuller-Austin Insulation Company, Case No. 98-2038 (JJF) (Bankr. D. Del. 1998), for which a plan was confirmed in 1998, and in the asbestos-related chapter 11 case of In re Eagle, Inc., Case No. 15-12437 (JAB) (Bankr. E.D. La. 2015).

Accordingly, the Future Claimants' Representative believes that Young Conaway is well qualified to represent him in this chapter 11 case.

## SERVICES TO BE PROVIDED

13. The services that Young Conaway will perform will enable the Future Claimants' Representative to execute his duties and responsibilities in connection with this chapter 11 case. Subject to further orders of this Court, Young Conaway will render the following services, among others, to the Future Claimants' Representative:

---

[2] Mr. Fitzpatrick has served as the legal representative for future claimants during the bankruptcy cases of ACandS, Global Industrial Techs., N. American Refractories Co., Metex Mfg., Durabla Mfg., Rapid-American and Kaiser-Gypsum, and serves as the legal representative for future claimants for the post-bankruptcy settlement trusts established through those cases (except for Rapid-American and Kaiser-Gypsum, which remain pending), with Young Conaway representing him in that capacity.

01:22158400.8

7

(a) Legal advice with respect to the Future Claimants' Representative's powers and duties as Future Claimants' Representative for the Future Claimants;

(b) Take any and all actions necessary to protect and maximize the value of the Debtor's estate for the purpose of making distributions to Future Claimants and to represent the Future Claimants' Representative in connection with negotiating, formulating, drafting, confirming and implementing a plan(s) of reorganization, and performing such other functions as are set forth in section 1103(c) of the Bankruptcy Code or as are reasonably necessary to effectively represent the interests of the Future Claimants;

(c) Appear on behalf of the Future Claimants' Representative at hearings, proceedings before the Court, and meetings and other proceedings in this chapter 11 case, as appropriate;

(d) Prepare and file, on behalf of the Future Claimants' Representative, all applications, motions, objections, answers, orders, reports, and other legal papers as may be necessary and as may be authorized by the Future Claimants' Representative in connection with this case;

(e) Represent and advise the Future Claimants' Representative with respect to any contested matter, adversary proceeding, lawsuit or other proceeding in which the Future Claimants' Representative may become a party or otherwise appear in connection with this chapter 11 case; and

(f) Perform any other legal services and other support requested by the Future Claimants' Representative in connection with this case.

The services listed above are necessary and essential to the Future Claimants' Representative. Young Conaway has agreed to act on the Futures Claimants' Representative's behalf in all of these respects upon the terms set forth in this Application.

14. The Future Claimants' Representative requests that Young Conaway's retention as his counsel be effective *nunc pro tunc* to July 18, 2017, the date Mr. Fitzpatrick was contacted by the Debtor and the Committee about serving as the Future Claimants' Representative. On that date, Young Conaway began (and has continued) to advise, assist, and negotiate on behalf of Mr. Fitzpatrick with respect to the Debtor's and Committee's motion to appoint him as the Future Claimants' Representative and the grounds upon which Mr. Fitzpatrick would agree to undertake that role. Young Conaway also then began and has continued to advise and assist Mr. Fitzpatrick with familiarizing himself with the case as a matter of due diligence with respect to accepting the role of Future Claimants' Representative and to avoid unnecessary delay (because the case has been pending since January 2016) in undertaking the role of Future Claimants' Representative upon his appointment by the Court.

## PROFESSIONAL FEES AND EXPENSES

15. Young Conaway intends to apply for compensation for professional services rendered in connection with this case and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court.[3] The attorneys and paralegals

---

[3] As between Mr. Fitzpatrick and Young Conaway, Young Conaway understands that it will apply for and may receive compensation for services rendered and fees incurred in connection with this matter from the Debtor's estate or such other fund as may be established for purposes

01:22158400.8

9

16-50058-amk    Doc 267    FILED 09/13/17    ENTERED 09/13/17 14:59:50    Page 9 of 12

presently designated to represent the Future Claimants' Representative and their current standard hourly rates are:

| | |
|---|---|
| Edwin J. Harron (Partner) | $820 per hour |
| Sharon M. Zieg (Partner) | $695 per hour |
| Sara Beth A.R. Kohut (Counsel) | $555 per hour |
| Casey S. Cathcart (Paralegal) | $240 per hour |
| Lisa M. Eden (Paralegal) | $240 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Future Claimants' Representative in connection with the matters herein described.

16. The hourly rates set forth above are Young Conaway's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Young Conaway's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and facsimile, toll and other charges, mail and express mail charges, special or hand delivery charges, photocopy charges, actual charges for mailing supplies (including, without limitation, envelopes and labels) provided by the firm to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research at actual cost, and transcription costs. Young Conaway will charge for these expenses

---

of compensating professionals in connection with this matter, and Young Conaway will have no rights or recourse to pursue compensation directly from Mr. Fitzpatrick. Notwithstanding the payment of Young Conaway's fees and costs from the Debtor's estate or such other fund established to compensate professionals in this matter, Young Conaway understands and acknowledges that its responsibility and loyalty is to Mr. Fitzpatrick in his capacity as the Future Claimants' Representative in this matter.

01:22158400.8

10

in a manner and at rates consistent with charges made generally to Young Conaway's other clients and in accordance with this Court's Guidelines for Compensation and Expense Reimbursement of Professionals.

17. Young Conaway understands that its fees and expenses in this chapter 11 proceeding will be subject to the requirements of sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and any order entered by this Court establishing procedures for interim compensation and reimbursement of expenses of professionals.

18. Young Conaway has informed the Future Claimants' Representative that, as set forth in the annexed Declaration of Edwin J. Harron, Young Conaway represents no other entity in connection with this case, and is disinterested as that term is defined in section §101(14) of the Bankruptcy Code.

## BEST INTERESTS OF THE ESTATE

19. Young Conaway's bankruptcy and restructuring attorneys are, in the Future Claimants' Representative's view, highly skilled. The Future Claimants' Representative therefore believes that the retention of Young Conaway is in the best interest of the Debtor, its estate and creditors, as well as in the best interest of the Future Claimants.

## NOTICE

20. The Future Claimants' Representative provided notice of this Application to (a) counsel to the Debtor, (b) the Office of the United States Trustee for Region 9, (c) counsel to the 35 law firms representing the largest number of asbestos personal injury claimants against the Debtor, (d) counsel to the Official Committee of Asbestos Claimants, and (e) all parties that have filed requests for notice pursuant to Bankruptcy Rule 2002. In light of the nature of the

01:22158400.8

11

relief requested, the Future Claimants' Representative submits that no other or further notice need be provided.

## NO PREVIOUS REQUEST

21. No previous request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Future Claimants' Representative requests entry of an order, substantially in the form attached hereto as Exhibit B, authorizing him to employ and retain the firm of Young Conaway to represent him in this chapter 11 case *nunc pro tunc* to July 18, 2017, and granting such other and further relief as is just and proper.

Dated: September 13, 2017   Respectfully submitted,

        Lawrence Fitzpatrick, as the Legal Representative for
        Future Asbestos Claimants in this Chapter 11 Case

        */s/ Lawrence Fitzpatrick*
        Lawrence Fitzpatrick, Future Claimants' Representative
        100 American Metro Boulevard, Suite 108
        Hamilton, NJ 08619
        Telephone: 609-219-8862
        Facsimile: 609-620-1466
        Email: lfitzpatrick@theccr.com