| | |
|---|---|
| In re: | Chapter 11 |
| SEPCO CORPORATION, | Case No. 16-50058 |
| Debtor.[1] | Judge Alan M. Koschik |

**DEBTOR'S MOTION, WITH THE CONSENT OF THE
OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS AND THE FUTURE
CLAIMANTS' REPRESENTATIVE, FOR AN ORDER ESTABLISHING
QUALIFIED SETTLEMENT FUND PURSUANT TO IRC § 468B**

Sepco Corporation, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), hereby submits this motion (the "**Motion**") requesting entry of an order establishing a qualified settlement fund under § 468B of the Internal Revenue Code, 26 U.S.C. §§ 1 et seq. (the "**IRC**") and the regulations promulgated thereunder (the "**Treasury Regulations**") to serve as the repository of insurance settlement funds received by the Debtor that will ultimately be paid to holders of allowed asbestos personal injury claims against the Debtor.

The Official Committee of Asbestos Claimants and the Futures Representative consent to the relief requested in this Motion.

In support of this Motion, the Debtor respectfully states as follows:

**STATUS OF CASE AND JURISDICTION**

1.  On January 16, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**").

---

[1] The last four digits of the Debtor's federal tax identification number are 7402.

2. On January 29, 2016, the United States Trustee appointed an Official Committee of Asbestos Claimants (the "**Committee**") in this case. On September 13, 2017, Lawrence Fitzpatrick was appointed as the future claimants' representative (the "**Futures Representative**").

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) as to which the Court has the statutory and constitutional power to enter a final order, and the statutory predicate for the relief requested herein is IRC § 468B.

## RELIEF REQUESTED

4. By this Motion, the Debtor requests the entry of an order establishing a qualified settlement fund (the "**Fund**") in accordance with the provisions of the IRC and the Treasury Regulations. Establishment of the Fund will prevent income tax liability resulting from the receipt by the Debtor of certain funds, from one or more insurance settlements, that will ultimately be paid to holders of allowed claims against the Debtor. The Fund will be used solely to resolve or satisfy claims described in Treasury Regulation § 1.468B-1(c)(2) ("**Qualified Claims**"),[2] and any distributions from the Fund will only be made upon further order of this Court. Specifically, the Debtor expects that a chapter 11 plan in this case will provide for the

---

[2] The Treasury Regulations provide that a qualified settlement fund may be established to resolve or satisfy claims meeting the following standard:

> (2) It [the qualified settlement fund] is established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event (or related series of events) that has occurred and that has given rise to at least one claim asserting liability ... (ii) Arising out of a tort, breach of contract, or violation of law... .

Treas. Reg. § 1.468B-1(c)(2).

amounts in the Fund to be assigned or contributed into a trust established pursuant to Bankruptcy Code § 524(g) for the resolution or satisfaction of any and all asbestos-related claims and demands channeled to that trust. Accordingly, it is anticipated that the Fund will ultimately be used to pay allowed asbestos personal injury claims.

## BASIS FOR RELIEF REQUESTED

5. The Fund is necessary because the Debtor's receipt of funds from its insurers may be considered income for federal and state tax purposes. However, having filed for bankruptcy protection and absent a confirmed chapter 11 plan, the Debtor cannot expend those funds to resolve or satisfy claims asserted against the Debtor. As a general rule, a taxpayer is not permitted to take a deduction for amounts paid to defend or satisfy tort-based liabilities until the taxpayer "economically performs" by actually paying such liabilities. *See* IRC § 46l(h). Therefore, absent the relief requested herein, if the Debtor were to receive insurance settlement proceeds prior to the effective date of a confirmed chapter 11 plan, the Debtor likely would have to recognize those proceeds as income, would not be able to take an offsetting deduction, and would have to pay income taxes on those proceeds.

6. As a matter of tax law, the establishment of the Fund will permit the Debtor to "economically perform" – and thereby to take an offsetting deduction – by paying the insurance settlement proceeds into the Fund or by instructing that any insurance settlement proceeds be paid directly into the Fund. Accordingly, it is in the best interests of the Debtor and its estate for the Debtor to establish the Fund pursuant to IRC § 468, thereby (a) advancing the Debtor's ability to enter into settlement agreements with some or all of its insurers, and (b) saving the Debtor millions of dollars in potential income tax liability.[3]

---

[3] The Debtor, the Committee, and Futures Representative anticipate that the trust to be established pursuant to the Debtor's chapter 11 plan in this case will itself be a qualified

3

16-50058-amk    Doc 320    FILED 01/31/18    ENTERED 01/31/18 12:54:14    Page 3 of 9

7. There are currently in excess of 35,000 asbestos personal injury claims asserted against the Debtor seeking damages for personal injuries allegedly caused by exposure to asbestos-containing products manufactured or distributed during the Debtor's former operations. *See* ECF No. 16 (Declaration of Richard J. Szekelyi) at ¶ 14.

8. The Debtor, the Committee and the Futures Representative that the Debtor has insurance coverage for asbestos personal injury claims under policies issued by First State Insurance Company, Twin City Insurance Company, and Fireman's Fund Insurance Company. The Committee, in consultation with the Debtor, has been engaged in negotiations with those insurance companies to resolve any disputes concerning the extent of that insurance coverage and/or to liquidate such insurance coverage.

9. In order to meet the economic performance requirement of the IRC discussed above, and to avoid incurring needless tax liability, the Debtor seeks establishment of the Fund pursuant to IRC § 468B and the Treasury Regulations.[4] The Fund will hold amounts received by the Debtor under settlements with its insurance companies (the "**Fund Assets**"), and those amounts will not be distributed from the Fund without further order(s) of this Court.

10. There are three basic requirements for the establishment of a qualified settlement fund under the IRC and the Treasury Regulations. First, "a governmental entity (such as a judge) must approve [the establishment of] a fund for payment of certain kinds of claims and have continuing jurisdiction over that fund." *O'Cheskey v. United States*, 2001 U.S. Dist. LEXIS

---

settlement fund. Accordingly, the Fund to be created pursuant to the instant motion will be used to hold insurance payments made to Sepco prior to the creation of such a trust.

[4] IRC § 468 applies to "designated settlement funds." However, pursuant to Treasury Regulations promulgated under IRC § 468B(g), the treatment accorded designated settlement funds under the statute has been extended to certain funds, accounts, and trusts deemed to be "qualified settlement funds." *See* Treas. Reg. § l.468B-l. The establishment of a "designated settlement fund" is unavailable here due to the requirement that payment of money into such a fund completely extinguish the underlying tort liability. Unlike a "designated settlement fund," a "qualified settlement fund" need not completely extinguish the underlying tort liability. *Id.*

4

21370, at *59-60 (N.D. Tex. Dec. 21, 2001). "Second, the fund must be established to 'resolve or satisfy' certain kinds of claims including tort, breach of contract, or other claims for violations of a statute, rather than trade claims or equity claims." *Id*. at *60. "Third, the fund must be held in trust or in a fund segregated from other assets of the transferor ...." *Id*. With respect to the segregation requirement applicable to qualified settlement funds that are not trusts, the Treasury Regulations provide that the assets are sufficiently segregated if they are physically segregated from other assets of the transferor, such as by the transferor's holding of cash in a separate bank account. *See* Treas. Reg. § l.468B(h). As described herein and in the proposed order annexed hereto as Exhibit A, the Fund will satisfy each of the requirements for the establishment of a qualified settlement fund under the IRC and the Treasury Regulations.

11. Under Treasury Regulation§ l.468B(e), a qualified settlement fund is approved at such time as a court enters an order establishing the fund or account, even if such order is subject to review.

12. In other bankruptcy cases involving large amounts of potential tort liability, including asbestos-related personal injury claims, courts have approved the establishment of qualified settlement funds, pursuant to terms and conditions similar to those requested here, prior to the confirmation of a chapter 11 plan. *See, e.g., In re Flintkote Co.*, Case No. 04-11300, ECF No. 954 (Bankr. D. Del. July 13, 2005) (order attached as Exhibit B hereto); *In re United States Mineral Products Company d/b/a Isolatek International*, Case No. 01-2471, ECF No. 431 (Bankr. D. Del. Mar. 22, 2002) (order attached as Exhibit C hereto); *In re Pittsburgh Corning Corporation*, Case No. 00-22876, ECF No. 633 (Bankr. W.D. Pa. Dec. 15, 2000) (order attached as Exhibit D hereto); *In re H.K. Porter Company. Inc.*, Case No. 91-20468, ECF No. 2155 (Bankr. W.D. Pa. Dec. 20, 1996) (order attached as Exhibit E hereto).

13. Similarly, in this case the Debtor anticipates that a chapter 11 plan will be filed that provides for the Fund Assets to be assigned or contributed into a trust established pursuant to Bankruptcy Code § 524(g) for the purpose of resolving or satisfying any and all claims and demands channeled to the trust, and that this § 524(g) trust will also constitute a qualified settlement fund in accordance with the provisions of the IRC and Treasury Regulations.

14. The Debtor proposes that it be permitted to establish the Fund as a segregated account at PNC Bank. The Debtor also proposes that it be permitted to deposit (or to direct insurers to directly deposit) any subsequently-received Fund Assets (*i.e.*, insurance settlements) into the Fund. At all times the amounts in the Fund will be kept separate and apart from all of the other funds held by the Debtor.

15. The Debtor proposes that the Fund be used solely for the purpose of resolving or satisfying Qualified Claims against the Debtor. The Debtor anticipates that the Fund Assets will ultimately be assigned or contributed into a trust established pursuant to Bankruptcy Code section 524(g) for the resolution or satisfaction of any and all claims and demands channeled to the trust pursuant to a confirmed chapter 11 plan. In no event shall any of the amounts in the Fund be used for any purpose other than the resolution or satisfaction of Qualified Claims (or the administrative expenses of operating the Fund as set forth below), absent an explicit order of this Court. In particular, in accordance with Treas. Reg. § 1.468B-3(c)(2), the Debtor shall have no independently exercisable right to a refund or reversion of any portion of the Fund, and no such refund or reversion shall occur without an order of this Court.

16. Because the Debtor anticipates that the treatment of Qualified Claims against the Debtor will be addressed by the chapter 11 plan ultimately confirmed in this case, the proposed Order provides that, except for investing and reinvesting the amounts in the Fund, and paying

therefrom the reasonable required expenses of administering the Fund, engaging an accountant, and paying any applicable taxes, no disbursements from the Fund will be made without further order of the Court.

17. The Debtor proposes that the administrator of the Fund (the "**Administrator**") be Richard J. Szekelyi, the Debtor's CRO and a Managing Director of PMCM, LLC. The Fund will be a separate entity for tax purposes. The Administrator will have the responsibility to manage and account for deposits in the Fund, to apply for and obtain a federal tax identification number (separate from the Debtor's federal tax identification number), and to insure that the tax returns relative thereto are filed and that all taxes are paid. The Administrator will also maintain the Fund's financial records separate and apart from those of the Debtor and file periodic reports of the Fund's financial status, including an itemization of the income and expenses of the Fund with the Office of the United States Trustee as a portion of the monthly operating report already filed by the Debtor in its chapter 11 case.

18. The Debtor proposes that, except for gross negligence or willful misconduct, and to the extent not fully indemnified by existing indemnities, the Administrator be indemnified for any liability, claim, loss or damages, including attorney's fees, incurred or asserted against him for actions or omissions related to administering the Fund. The cost, if any, of such indemnification and of defending the Administrator against any such claims will be deemed to be a reasonable expense of administering the Fund.

19. The Court previously authorized the Debtor to retain PMCM, LLC to provide various financial-related services in this case. *See Order Authorizing and Approving the Employment and Retention of PMCM, LLC as Financial Advisors* . . . [Doc. No. 89] (the

"Order"). The Debtor proposes that Mr. Szekelyi's services as the Administrator be provided pursuant to, and compensated in accordance with, that Order.

## NOTICE

20. Notice of this Motion has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Committee, (iii) the Futures Representative and his counsel, (iv) the Internal Revenue Service, (v) the State of California Franchise Tax Board, and (vi) all parties that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting this Motion and such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/Jeffrey C. Toole*
HARRY W. GREENFIELD (0003839)
greenfield@buckleyking.com
JEFFREY C. TOOLE (0064688)
toole@buckleyking.com
HEATHER E. HEBERLEIN (0083828)
heberlein@buckleyking.com
BUCKLEY KING LPA
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, Ohio 44114
Telephone: (216) 363-1400
Facsimile: (216) 579-1020

*Attorneys for Sepco Corporation,
Debtor and Debtor-in-Possession*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 31, 2018, true and correct copies of the *Debtor's Motion, With the Consent of the Official Committee of Asbestos Claimants and the Future Claimants' Representative, for an Order Establishing Qualified Settlement Fund Pursuant to IRC Section 468B* are being served by Kurtzman Carson Consultants LLC upon various parties in interest. KCC will file a separate certificate of service to that effect in due course.

*/s/Jeffrey C. Toole*
JEFFREY C. TOOLE

2177747_5