# EXHIBIT E

#2155
B/10

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 91-00468 WWB (PGH) |
| H. K. PORTER COMPANY, INC., | ) Chapter 11 |
| | ) |
|       Debtor. | ) |
| _____ | ) |
| | ) Motion No. SCBS-153 |
|      vs. | ) |
| | ) |
| H. K. PORTER COMPANY, INC., | ) |
| | ) |
|      Movant. | ) |
| NO RESPONDENT. | ) |
| | ) |
| | ) |

## ORDER OF COURT

AND NOW, this _20th_ day of December of 1996, upon consideration of the foregoing Motion of H. K. Porter Company, Inc., Debtor, (hereinafter "Porter"), For Order Creating A Qualified Settlement Fund, and after notice and a hearing thereon, it is Ordered as follows:

1.     Porter shall establish a separate escrow account that is a Qualified Settlement Fund (the "Fund") conforming with IRC §468B, 26 U.S.C. §468B, and Treas. Reg. §1.468 B-1,2,3 and 4.

2.     The Fund shall be in the amount of $800,000.00 which amount Porter shall deposit in cash in a separate escrow account at National City Bank entitled "Porter's

Qualified Settlement Fund For Allowed Asbestos Disease Claimants". The Fund shall at all times be kept separate and apart from all other funds of Porter.

3.    Kenneth B. McCarthy shall be the administrator (the "Administrator") of the Fund.

4.    The Fund shall be a separate entity for all purposes, including tax purposes, and shall file all appropriate state, federal and local tax returns and make payment of any taxes due thereon.

5.    The Fund shall apply for and obtain a Federal Tax Identification Number separate and apart from the Tax Identification Number of Porter.

6.    The Fund shall keep its financial records separate and apart from the records of Porter.

7.    The Administrator shall invest and reinvest the Fund in investments authorized by Bankruptcy Code §345.

8.    Except for investing and reinvesting the Fund, paying the reasonable expenses of administration of the Fund and the taxes due from the Fund, no disbursements shall be made from the Fund without further Order of Court.

- 2 -

?:\PDATA/PORTER/MOTIONS/097PT    ORD-3
#5 (rw) - December 19, 1996

9.    The Administrator shall file monthly reports with the Court setting forth the financial status of the Fund, including an itemization of the income and expenses of the Fund and its investments. Such reports shall be due within fifteen (15) days after the end of each month.

10.    The proceeds of the Fund shall be used solely for the purpose of resolving claims of individuals who have tort claims against Porter by virtue of having contracted an asbestos disease as a result of exposure to asbestos products manufactured and sold by Porter (the "Allowed Asbestos Disease Claimants"), by making distributions to such Claimants in accordance with further Orders of this Court. No portion of the proceeds of the Fund shall be used for distributions to general creditors of Porter, Workmens' Compensation creditors of Porter, or any other creditors of Porter other than the Allowed Asbestos Disease Claimants.

11.    This Court shall enter an Order or Orders directing distributions to the individual Allowed Asbestos Disease Claimants: (a) at such time as the Plan of Reorganization for Porter is confirmed, or (b) if no such Plan is confirmed, at such time as the Court shall deem it appropriate to make a distribution to such Claimants.

12.    Porter and any related person have no right to a refund or reversion in any part of the Fund. In the unlikely event that the Fund is not exhausted by distributions to the Allowed Asbestos Disease Claimants, the remaining balance shall be distributed to a charity

W:PDATA/PORTER/h:3TIONS/097F   '.ORD- 4
#5 (tw) - December 19, 1996

which performs research in asbestos diseases, the particular charity to be determined by this Court, should that become necessary.

13.   This Court's jurisdiction over the Fund shall continue, until such time as all of the proceeds of the Fund have been distributed.

14.   The granting of this Order is without prejudice to any party in interest's right to object on any ground to any transfer from the estate to the Fund in excess of the $800,000.00 amount set forth above.

Movant is to serve the Order upon all interested parties and file a certificate of service within 10 days.

_____
United States Bankruptcy Judge

- 4 -